IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

HOWARD JUNIOR CLARK,       )
                           )
          Plaintiff,       )
                           )
     v.                    )          CV 122-021
                           )
RICHMOND COUNTY POLICE DEPT./   )
AUGUSTA POLICE DEPARTMENT;  )
COUNTY OF RICHMOND;        )
LARRY BONNER; and          )
D.S. LEWIS,                )
                           )
          Defendants.      )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 and initially sought to proceed *in forma pauperis* ("IFP"). Upon review of Plaintiff's complaint, it was unclear whether he was attempting to assert a claim pursuant to 42 U.S.C. § 1983 or was attempting to petition for habeas corpus relief. The Court entered an Order explaining Plaintiff could not use a § 1983 action to challenge his conviction, and he could not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence. (See doc. no. 3.) Furthermore, Plaintiff had submitted an unsigned, incomplete IFP motion. (See doc. no. 2.) Accordingly, the Court directed Plaintiff to clarify the type of case he sought to bring and instructed him to submit a complete and signed IFP motion. (See doc. no. 3) After

requesting and receiving an extension of time to respond to the Court's Order, (doc. nos. 4, 5), Plaintiff submitted an amended § 1983 complaint but not a renewed IFP motion. Plaintiff stated he had requested prison officials to send a check for the full filing fee, (doc. no. 6, p. 15), but as of the undersigned date, the Clerk of Court did not have any record of payment of the filing fee.

Whether Plaintiff had been granted permission to proceed IFP or paid the filing fee, the case the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (per curiam); 28 U.S.C. § 1915A.

I.      **Screening the Amended Complaint**

    A.      **Background**

On February 4, 1984, when he was fifteen years old, Plaintiff murdered Ashley Sekina Williams, his three-year-old niece, while babysitting her.[1]   Thereafter, Plaintiff pleaded guilty but mentally ill to the charge of malice murder in the Superior Court of Richmond County, Georgia, pursuant to a plea agreement in which the State of Georgia agreed to drop charges of rape and aggravated sodomy.   The trial court sentenced Plaintiff to a mandatory term of life imprisonment.   The state habeas court denied Plaintiff's petition that argued his guilty plea was not knowing and voluntary and that his lawyer, Larry Bonner, rendered ineffective assistance of

---

[1]The Court recounts the details of Plaintiff's conviction from the Court records in Plaintiff's prior federal habeas corpus case, Clark v. Johnson, CV 196-194, doc. no. 5 (S.D. Ga. Dec. 30, 1997), adopted by doc. no. 7 (S.D. Ga. Jan. 23, 1998).   See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its records.").

counsel.  United States District Judge Dudley H. Bowen, Jr., denied Plaintiff's request for federal habeas corpus relief, in which Plaintiff argued (1) his lawyer was ineffective; (2) his guilty plea was not knowing and voluntary; (3) his confession was not knowingly, voluntarily, and intelligently entered; and (4) he did not receive a full and fair hearing during the state habeas proceedings.

Plaintiff now sues: (1) Richmond County Police Department/Augusta Police Department[2]; (2) County of Richmond; (3) Larry Bonner; and (4) D.S. Lewis, Sergeant. Plaintiff again complains about the manner in which the murder was investigated, the manner in which law enforcement questioned him, and the manner in which his attorney represented him. He maintains the various constitutional violations that occurred during the investigation and prosecution of his case resulted in his placement in an adult prison rather than placement in a juvenile facility to obtain mental health treatment.  (See generally doc. no. 6.)  Plaintiff seeks a jury trial and monetary damages in the amount of $2,500,000 for his thirty-seven years of pain and suffering, anxiety, and other mental health issues.  (Id. at 5.)

### B.   Discussion

#### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[2]The original complaint listed Richmond County Police Department, and the designation in the amended complaint of "Richmond County" is scratched out and replaced with "Augusta." (Compare doc. no. 1, pp. 1, 4 with doc. no. 6, p. 2.)  Regardless of the county or city designation, it appears Plaintiff is attempting to sue the law enforcement agency that investigated the murder. As described in detail below, Plaintiff's claims are barred, regardless of the particular title used for the investigating agency in the caption.

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended

4

complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Plaintiff's Case Should Be Dismissed Because He Has Not Followed the Court's Local Rules

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP.  When Plaintiff submitted his complaint on February 22, 2022, he did not pay the full filing fee and submitted an unsigned and incomplete IFP motion.  The Court allowed Plaintiff fourteen days to submit a complete IFP motion.  (Doc. no. 3.)  Plaintiff did not submit a renewed IFP motion, and despite his statement he had requested prison officials submit the filing fee, no such payment has been received.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff did not comply with the requirements for commencing a civil action by filing an unsigned and incomplete IFP motion and then failing to submit the filing fee.  Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond appropriately to the Court's Order directing submission of a new IFP motion - or to pay the filing fee - amounts not only to a failure to prosecute, but also an abandonment of his case. See Loc. R. 4.2(2) (failing to make timely payment of filing fee after denial of IFP petition "will result in dismissal of the complaint"); see also Copeland v. Doe, 824 F. App'x 663, 666 (11th Cir. 2020) (per curiam) (affirming dismissal without prejudice under local rules where required filing fee not paid).  Accordingly, the case is due to be dismissed without prejudice based on the failure to follow the Court's Local Rules.

### 3.  Plaintiff Cannot Obtain Habeas Corpus Relief in a § 1983 Case

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Moreover, under Heck v. Humphrey, 512 U.S.

477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the conviction or sentence.

Here, Plaintiff's challenges to the manner in which the murder was investigated, the manner in which law enforcement questioned him, and the manner in which his attorney represented him all sound in the ilk of previously raised and rejected habeas corpus claims.[3]   To the extent his claims seek to challenge the "validity of any confinement or to particulars affecting its duration," such claims "are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (citation omitted).   Thus, to the extent Plaintiff may be attempting to undermine his conviction and continuing imprisonment, such claims should be dismissed from this § 1983 case.[4]

### 4.      Plaintiff's Claims Are Barred by the Statute of Limitations

Even if Plaintiff had followed the Court's Local Rules and was not attempting to improperly pursue habeas corpus relief in a § 1983 case, his claims are subject to dismissal under the statute of limitations applicable in Georgia.   State law controls the length of the statute of limitations period in § 1983 actions.   Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).   In Georgia, such claims for injuries to the person must be

---

[3]It is not entirely clear whether Plaintiff's requested relief of a jury trial is asking for a jury trial in this § 1983 case, or a jury trial to replace his previously entered guilty plea in his underlying state criminal proceedings.   (See doc. no. 6, p. 5.)   In any event, as explained herein, the relief of a new trial in his underlying state criminal proceedings is not available in this case.

[4] For the sake of completeness, the Court notes that any federal habeas corpus claims would be subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including but not limited to the restriction on second or successive petitions, the one-year statute of limitation, and exhaustion of state court remedies.   See 28 U.S.C. §§ 2244, 2254.

brought within two years of their accrual.  Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.   Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Plaintiff states the events about which he complains occurred in 1984.  (Doc. no. 6, p. 5.)  He seeks damages for thirty-seven years of imprisonment.  Plaintiff previously sought state and federal habeas corpus relief.  Indeed, in 1996, Plaintiff filed for habeas corpus relief in federal court raising similar, if not exactly the same, claims regarding the investigation and prosecution of his case.  See Clark v. Johnson, CV 196-194, doc. no. 2 (S.D. Ga. Nov. 21, 1996).  Plaintiff knew or should have known of the injuries alleged in his pleadings, as well as who injured him, when the events described occurred over thirty-five years ago.  Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.[5]

---

[5]Plaintiff has not alleged the tolling provisions of O.C.G.A. § 9-3-90(a) or § 9-3-91 apply.  Indeed, the depth and breadth of his filings in this case alone belie such a claim.  Moreover, during the federal habeas corpus proceedings, the Court noted Plaintiff had undergone two psychological evaluations prior to pleading guilty, and both indicated Plaintiff was legally competent, even though he had deficient intellect.  (Clark, CV 196-194, doc. no. 5, p. 9.)

II.     **Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the entirety of Plaintiff's claims be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9